# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**ROBERT BOURNE, ET AL**     *     **CIVIL ACTION NO. 05-1212**

**Versus**     *     **JUDGE JAMES**

**ELI LILLY & COMPANY, ET AL**     *     **MAGISTRATE JUDGE HAYES**

## MEMORANDUM RULING

Before the undersigned magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiffs (Doc. #20). After an extensive review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is not proper, and Plaintiffs' Motion to Remand must be **GRANTED.**

## STATEMENT OF FACTS

Plaintiffs, Robert Bourne ("Robert"), individually and behalf of his minor son, Raymond Tyler Bourne ("Tyler"), and Kimbaly Bourne ("Kimbaly") filed suit against Eli Lilly & Company ("Lilly"), Gregory Brown, MD ("Brown"), Casey Crowder ("Crowder"), and Russ Thompson ("Thompson") on June 6, 2005 in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiffs allege claims of medical malpractice, products liability, and negligence.

On July 11, 2005, Lilly removed the case to this Court. Plaintiffs have filed the instant

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

motion claiming that Lilly did not obtain consent for the removal from the other defendants and that there is no diversity of citizenship jurisdiction in this case.  Plaintiffs also request attorney fees and costs.  Lilly opposes the motion.

## LAW AND ANALYSIS

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship.  Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff.  That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal.  To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed.  *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968).  The Fifth Circuit has recently adopted the term "improper joinder" to describe the doctrine, though it took care to note that there is no substantive difference between the two terms.  *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 n. 1 (5th Cir. 2004) (*en banc*).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Only the second method is at issue in this case.  That second test asks whether the defendant has demonstrated that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant.  *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the

2

defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Any ambiguities in state law must be resolved in favor of the plaintiff. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

But merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not necessarily mean that the joinder of the resident defendant is proper. The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The court has discretion in those circumstance to pierce the pleadings and analyze the improper joinder claim based on that evidence. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

Plaintiffs assert that Dr. Brown's present inclusion is premature. Under the Louisiana Medical Malpractice Act, no action against a health care provider "may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel...." *See* La. R.S. 40:1299.47(B)(1)(a)(i). Plaintiffs have conceded that this action against Dr. Brown is premature, but rely on a series of cases from the Eastern District of Louisiana and one case from the Western District of Louisiana to argue that Dr. Brown is not improperly joined even if the case against him is subject to dismissal for prematurity. After reviewing relevant case law, this Court has found no other case in the Western District of Louisiana that has followed Magistrate Judge Payne's reasoning in *Johnson v. Scimed, Inc.*, 92 F.Supp.2d 587 (W.D. La.2000). The *Johnson* Court ruled that dismissing a medical malpractice defendant pursuant to

3

an exception of prematurity does not show that the plaintiff has no possibility of recovery against that defendant. "It is undeniable that the plaintiffs have pleaded a medical malpractice cause of action and the Court has no doubt that, once the procedural hurdles are cleared, these plaintiffs will pursue serious litigation against the malpractice defendants." *Johnson* at 592.

This Court disagrees with that reasoning. At the present time, the plaintiffs do not have a right to pursue a claim in any court against Dr. Brown, and this action may well be concluded before such a right accrues. In addition, if a medical review board finds no wrongdoing on the part of the physician, the plaintiff may choose not to pursue the physician in litigation. On the other hand, if the medical review panel finds wrongdoing on the part of the physician, the physician may well choose to enter into a settlement with a plaintiff without the necessity of further litigation. Thus, it is speculative to assume that the physician, who is not presently subject to suit, will later be joined as a defendant in this action. Finally, the propriety of removal is to be judged as of the time of the removal, not as of some future time. Should the plaintiffs seek to add the physician at a later time, and should court allow the amendment, then this matter would be subject to remand. However, the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present.

This Court follows cases which hold that a qualified healthcare provider is not subject to suit until after the medical review panel proceeding is complete. See *Rogers v. Hickory Manor Nursing & Rehabilitation, L.L.C.*, 902 So.2d 1150, 1153 (La.App. 2 Cir., 2005); *Furlow v. Woodlawn Manor, Inc.*, 900 So.2d 336, 339 (La. App.2 Cir., 2005). Since Plaintiffs did not complete the medical review panel proceeding prior to filing suit against Dr. Brown, the instant action against Dr. Brown is premature and is subject to dismissal on that basis. Therefore, Dr.

Brown's presence must be disregarded for purposes of determining diversity jurisdiction.

Plaintiffs also contend that removal is improper because all the defendants did not consent to the removal. Plaintiffs claim that Brown, Crowder and Thompson are defendants who did not consent to the removal. Lilly alleges that Brown, Crowder and Thompson were improperly joined and therefore, their consent for removal was not necessary. Fraudulently joined defendants need not consent to removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As stated above, Dr. Brown has been improperly joined.

As to Crowder and Thompson, the case presents a much closer question. Lilly argues that they were employees of Lilly, that all of their actions were taken as employees of Lilly, and that they therefore are not individually liable to Plaintiffs and were improperly joined in this case. Plaintiffs argue that Crowder and Thompson are personally liable to the Plaintiffs because, according to her affidavit, Kimbaly had numerous personal conversations with Crowder and Thompson regarding Tyler's taking Strattera, and she relied on the representations made by Crowder and Thompson when switching her son's medication. Plaintiffs claim that Crowder and Thompson undertook and breached a personal duty of care by their actions.

> The law is settled that if an employee of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the employee is liable personally to the injured third person; it does not matter that liability might attach to the corporation. La.Civ.Code art. 2315; *Canter v. Koehring Company,* 283 So.2d 716

(La.1973); *Miller v. Upjohn Co., supra.* However, the Louisiana Supreme Court in *Canter v. Koehring Company, supra* at 721, held, in pertinent part, the plaintiff must meet the following criteria in order to sue an employee individually:
1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage to which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached his duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or

similar circumstances-- whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages....

*Wallace v. Upjohn Co.,* 535 So.2d 1110, 1117 (La.App. 1 Cir.,1988).

Plaintiffs have stated a valid claim against in-state defendants Crowder and Thompson. Whether Crowder and Thompson had or breached a personal duty to Plaintiffs is a question of fact.

Defendants Crowder and Thompson have not been improperly joined; there is no diversity jurisdiction among the parties; and jurisdiction in this court is not proper. Accordingly, Plaintiffs' Motion to Remand is **GRANTED**. However, given the close question presented by this case, Plaintiffs' request for attorney fees and costs is **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of November 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE