# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ROBERT BOURNE, ET AL.** | **CIVIL ACTION NO. 05-1212** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ELI LILLY & COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

On November 8, 2005, Magistrate Judge Karen L. Hayes issued an Order [Doc. No. 34] granting Plaintiffs Robert and Kimbaly Bourne's Motion to Remand [Doc. No. 20]. Currently pending before the Court is Defendant Eli Lilly & Company's "Objection/Appeal of Magistrate Judge's Order of Remand and Memorandum Ruling Recommending Granting of Plaintiffs' Motion to Remand" [Doc. No. 38], timely filed on November 23, 2005. On December 16, 2005, Plaintiffs Robert and Kimbaly Bourne (collectively "Plaintiffs") filed a response to Defendant's appeal [Doc. No. 45]. On January 9, 2006, Defendant filed a reply memorandum in support of their appeal [Doc. No. 48].

Having reviewed the record in this matter, the Court finds that Magistrate Judge Hayes' Memorandum Ruling [Doc. No. 33] on Plaintiffs' Motion to Remand is not contrary to law nor clearly erroneous. Accordingly, Magistrate Judge Hayes' November 8, 2005 Order of remand is AFFIRMED, and Defendant's appeal is DENIED.

## FACTS ALLEGED AND PROCEDURAL HISTORY

On June 6, 2005, Plaintiffs filed this action in the Fourth Judicial District Court in Ouachita Parish, Louisiana. Plaintiff Robert Bourne seeks damages on behalf of his minor son, Tyler, for injuries he allegedly sustained as a result of taking the drug, Strattera, which is manufactured by

Defendant Eli Lilly & Company ("Lilly"). Plaintiffs Robert and Kimbaly Bourne also seek damages for loss of consortium.

In addition to their claims against Lilly, Plaintiffs have also asserted state law negligence claims against Dr. Gregory Brown ("Brown"), a physician who is allegedly a representative of Lilly and who treated Tyler; Casey Crowder ("Crowder"), a sales representative for Lilly; and Russ Thompson ("Thompson"), a sales representative for Lilly.

According to the Petition, Brown, Crowder, and Thompson all failed to warn Tyler's pediatrician, Dr. Georgianna Burns, that "children with a 2D6 polymorphism are unable to metabolize the drug Strattera." [Doc. No. 1, ¶¶ 5-7]. Dr. Burns prescribed Strattera for Tyler on December 15, 2002, and in July 2003, Brown increased Tyler's dosage. [Doc. No.1, ¶¶ 4, 8]. After Tyler suffered mental and neurological deterioration and, ultimately, a seizure, he underwent medical testing in June 2004. [Doc. No. 1, ¶¶ 9-12]. It was determined, as a result, that Tyler's body does not produce the enzyme necessary to metabolize Strattera. [Doc. No. 1, ¶¶ 11-12].

On July 11, 2005, Lilly removed this case to federal court on the grounds of diversity jurisdiction. On August 1, 2005, Plaintiffs filed a Motion to Remand [Doc. No. 20]. On November 8, 2005, Magistrate Judge Hayes ordered that this matter be remanded to the Fourth Judicial District Court, Ouachita Parish, Louisiana. Lilly's appeal of the remand order is now before this Court.

**LAW AND ANALYSIS**

**A.     Motions to Remand**

The Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand. However, district courts in this circuit have generally found that a motion to remand is a non-dispositive pretrial matter and have applied the clearly erroneous/contrary to law standard of review pursuant to 28 U.S.C. §

2

636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96-1192, 1996 WL 888182, at *2-4 (W.D. La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Prod., Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99-0367, 1999 WL 496488, at *1 (E.D. La. July 13, 1999). This Court has similarly adhered to the view that motions to remand are non-dispositive pretrial matters. Therefore, the Court reviews Magistrate Judge Hayes' Ruling to determine whether it is clearly erroneous or contrary to law.

**B.    Removal**

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Here, Lilly removed this case on the basis of diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b).

The removing party bears the burden of establishing the existence of federal court jurisdiction. *See Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional facts supporting removal must be examined at the time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Further, the district court must strictly construe removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). A case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Plaintiffs do not dispute that the amount in controversy exceeds $75,000, but contend that there is a lack of diversity in this matter and that all Defendants did not consent to removal.

**C.    Improper Joinder**

Although Lilly admits that the three individual Defendants are non-diverse, Lilly contends

that Plaintiffs cannot establish a cause of action, at this time, against any of the three. Thus, Lilly contends that these Defendants were improperly joined.

Magistrate Judge Hayes determined that Plaintiffs could not state a cause of action against Dr. Brown at this time because the medical review panel proceeding against him is not complete. The Court agrees with and adopts her analysis as to Dr. Brown. Accordingly, the Court finds, as did Magistrate Judge Hayes, that joinder of Dr. Brown was improper, and his citizenship will not destroy diversity.

With regard to Defendants Crowder and Thompson, Magistrate Judge Hayes determined that Plaintiffs have a reasonable basis of recovery under state law. Lilly appeals that determination, contending that Magistrate Judge Hayes improperly applied the standard of review and that, even under a summary judgment-type review, joinder was improper.

Citing to the Fifth Circuit's decision in *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (*en banc*), Magistrate Judge Hayes states in her Ruling that there are two ways to establish improper joinder: actual fraud in the jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. [Doc. No. 33, p. 2]. Lilly relies only upon the second method.

Under these circumstances, the *Smallwood* Court has set forth the following standard of review to be used by the district courts in determining whether a plaintiff has a "reasonable basis for recovery under state law":

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. . . . Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

4

385 F.3d at 573. The Fifth Circuit further "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. Thus, the Court must engage in a 12(b)(6)-type analysis to determine whether Plaintiffs have a reasonable basis for recovery under state law.

Applying a 12(b)(6) analysis, the Court must review Plaintiffs' petition to determine if Plaintiffs have a reasonable basis for recovery under state law. According to the Petition, Plaintiffs allege the following facts regarding the conduct of Crowder and Thompson:

> 5.
>
> . . . Casey Crowder and Russ Thompson are and/or were representatives and/or employees of the defendant, Eli Lilly and Company.
>
> 6.
>
> The defendants, Casey Crowder and Russ Thompson, with Dr. Gregory Brown, twice visited the office of [Tyler Bourne's] pediatrician, Dr. Georgianna Burns in the Parish of Ouachita, and discussed the use of Strattera on their patients. During both meetings, no mention was ever made of a warning that children with a 2D6 polymorphism are unable to metabolize the drug Stattera. Dr. Burns was given pamphlets on Strattera which failed to state the warning about the 2D6 polymorphism. In addition, Casey Crowder and Russ Thompson visited Dr. Burns' office on numerous other occasions and never mentioned the 2D6 polymorphism warning.

[Doc. No. 1, ¶¶ 5-6]. Plaintiffs contend that Crowder and Thompson were negligent for their alleged "[f]ailure to properly research drugs they were advertising and selling; . . . [f]ailure to give proper warnings; [and] . . . [a]ny and all other acts of negligence to be proven at trial of this matter." [Doc. No. 1, ¶ 17].

Plaintiffs have asserted a negligence claim against Crowder and Thompson. Under Louisiana Civil Code article 2315, Plaintiffs can establish a negligence claim only if they can prove, among other elements, that Crowder and Thompson had a duty of care to Plaintiffs and breached the duty by their actions. *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364, 1370 (La. 1984). "The

5

question of whether a duty exists in a particular set of circumstances is a question of law for the court to decide." *Id.* at 1371.

As Magistrate Judge Hayes explained, Louisiana law recognizes that an employee may be held individually or personally liable for his actions, even if his employer is also liable. *See Egan v. Kaiser Aluminum & Chem. Corp.*, 677 So.2d 1027, 1036 (La. App. 4 Cir. 1996); *Wallace v. Upjohn Co.*, 535 So.2d 1110, 1117 (La. App. 1 Cir. 1988) ("The law is settled that if an employee of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the employee is liable personally to the injured third person; it does not matter that liability might attach to the corporation.") (citing La. Civ. Code art. 2315; *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973); *Miller v. Upjohn Co.*, 465 So.2d 42, 45 (La. App. 1 Cir. 1985), *cited in* [Doc. No. 33, pp. 5-6]).

Magistrate Judge Hayes never cited to the allegations in Plaintiffs' Petition, relying instead on the affidavit submitted with their Motion to Remand. On initial review, Magistrate Judge Hayes' determination appears improper because the allegations in the Petition suggest only that Crowder and Thompson failed in their "general administrative responsibility for some function of the employment" to deliver and explain package inserts to Dr. Burns, not that they owed a personal duty to Plaintiffs. 535 So.2d at 1117.

However, in *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), the Fifth Circuit held that information submitted after removal may be considered in examining the jurisdictional facts at the time of removal. *Id.* at 565. While a plaintiff may not defeat removal by attempting to "amend away the basis for federal jurisdiction," the district court may consider facts, including those submitted by affidavit, which "clarify the jurisdictional

6

facts at the time of removal." *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 265 (5th Cir. 1995) (discussing *ANPAC*).

In this case, the affidavit clarified the facts at the time of removal. Viewing those facts in the light most favorable to Plaintiffs, as discussed by Magistrate Judge Hayes, Plaintiffs have stated a reasonable basis of recovery under a negligence theory. The Court finds that this is not the type of case in which it should pierce the pleadings and conduct a summary inquiry.

## CONCLUSION

For the foregoing reasons, the Court concludes that individual Defendants, Casey Crowder and Russ Thompson were not improperly joined, and there is no complete diversity in this case. Magistrate Judge Hayes' November 8, 2005 remand order is AFFIRMED, and Lilly's appeal of that order is hereby DENIED.

MONROE, LOUISIANA, this 31st day of January, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE